JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

19-cv-2420

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

19   2420

### I. (a) PLAINTIFFS
Michael McShane Sutton

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark D. Schwartz, 300 Sandcastle Drive, Bryn Mawr, PA 19010
610 525-5534

### DEFENDANTS
Bryn Mawr Bank Corporation d/b/a Bryn Mawr Trust Company

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 7 - 1981
Brief description of cause:
retaliatory firing

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ >$150,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE Schiller
DOCKET NUMBER 2-19-2408-001

DATE June 5, 2019
SIGNATURE OF ATTORNEY OF RECORD

JUN -5 2019

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **142 East 8th Ave, Conshohocken, PA 19428**

Address of Defendant: **801 Lancaster Ave., Bryn Mawr, PA 19010**

Place of Accident, Incident or Transaction: **corporate locations of Defendant in Eastern Pa.**

---

**RELATED CASE, IF ANY:**

Case Number: 2-19-cv-002408 Judge: Berle M. Schiller Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [✓]   No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [ ]

I certify that, to my knowledge, the within case [✓] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **June 5, 2019**       *Attorney-at-Law / Pro Se Plaintiff*       Pa. 30527
                                                                        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*

1. [ ] Indemnity Contract, Marine Contract, and All
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    (Please specify): _____

THIS CASE IS RELATED TO: **19cv2408**

CIVIL ACTION NO. **19 2420**
CRIMINAL NO.

ASSIGNED TO: **BMS**

---

*(The effect of)*

I, **Mark D. Schwartz**, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: **June 5, 2019**       *Attorney-at-Law / Pro Se Plaintiff*       JUN 5 2019
                                                                        Pa 30527
                                                                        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Michael McShane Sutton                                CIVIL ACTION

v.

Bryn Mawr Bank Corporation
d/b/a Bryn Mawr Trust Company                         NO. 19    2420

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

June 5, 2019         Mark D. Schwartz              Plaintiff
Date                 Attorney-at-law               Attorney for

610 525-5534         610 525-5534                  markschwartz6814@gmail.com
Telephone            FAX Number                    E-Mail Address

(Civ. 660) 10/02

JUN -5 2019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL McSHANE SUTTON** <br> **142 East 8th Ave** <br> **Conshohocken, PA 19428** <br>           **Plaintiff** <br><br> v. <br><br> **BRYN MAWR BANK CORPORATION d/b/a** <br> **BRYN MAWR TRUST COMPANY** <br> **801 Lancaster Avenue** <br> **Bryn Mawr, PA 19010** <br>           **Defendant** | **CIVIL ACTION** <br><br> NO.   19   2420 <br><br> **JURY TRIAL DEMANDED** <br><br> **COMPLAINT** |

## COMPLAINT

1. Plaintiff Michael McShane Sutton, a Caucasian male has been retaliated against and ultimately fired as a result of his acknowledgement and criticism of the racial discrimination and hostile working environment claims of Wandrea Russo, an African- American head teller at Bryn Mawr Trust Company's main branch and Alicia McDaniel, an African- American universal banker at Plaintiff's Ardmore Branch who was suddenly removed to another branch as a result of her complaints of racism.. He has witnessed the hostile and illegal working environment which pervades Bryn Mawr Trust Company, all of which is countenanced and supported by management. Shortly after being interviewed by HR and calling the racial environment throughout the retail bank toxic. Mr. Sutton filed a charge of discrimination with the EEOC. Plaintiff now seeks to recover compensatory and punitive damages pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 *et seq.*

## PARTIES

2. Plaintiff Michael McShane Sutton ("Mr. Sutton" or "Plaintiff") is an adult Caucasian male born on March 6, 1983 residing in the Commonwealth of Pennsylvania. He was initially hired on December 11, 2017 as the Head Teller for the Ardmore Branch. On July 24, 2018, Plaintiff was fired. As a fellow employee who corroborated the discrimination claims of others, Plaintiff enjoys protected status from retaliation under pertinent civil rights statutes.

3. Defendant, Bryn Mawr Bank Corporation d/b/a Bryn Mawr Trust Company ("Defendant" or the "Bank") is a publicly-traded commercial bank, headquartered at 801 Lancaster Avenue in Bryn Mawr, Pennsylvania. The Bank employed Mr. Sutton and approximately 600 employees and is an employer as defined by Title VII and the PHRA.

4. At all relevant times hereto, Defendant acted by and through its duly authorized actual and/or apparent agents and employees acting within the course and scope of their actual and/or apparent agency and employment.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the subject matter of Plaintiff's claims under federal law pursuant to 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because the state claims and federal claims are so interrelated that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391(b) and (c) since Plaintiff and Defendants reside in the Eastern District of Pennsylvania and since a

substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## **FULFILLMENT OF TITLE VII CONDITIONS**

8. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII and PHRA. Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRA") on or about August 9, 2018.

9. The EEOC issued a Right to Sue letter to the Plaintiff on March 7, 2019, and this lawsuit is brought within ninety (90) days of the issuance of the Right to Sue letter

## **FACTUAL ASSERTIONS**

10. As set forth in his EEOC charge, during the course of his employment Plaintiff learned of the Bank's history of hostility to those protected under applicable civil rights laws generally, and specifically with respect to African-American head teller Ms. Wandrea Russo and African-American universal banker Alicia McDaniel. However, as noted in his EEOC Charge this lawsuit focuses on retaliation against Plaintiff on account of his support of claims of discrimination.

11. After winning a scholarship to Harvard University, Plaintiff had work experience in banking at various institutions. Prior to being hired, Plaintiff met with two representatives of the Bank, Service Manager Danielle Lewellyn Perez and the District Manager. Plaintiff explained his prior experience at Wachovia and then its acquiror, Wells Fargo, as a personal banker and Branch Manager, as well as employment at Univest Bank and Trust Co.as a Financial Service Center Manager. Explaining his distaste for the tactics and atmosphere at Wells Fargo, Plaintiff emphasized the importance of strong sales ethics of future fellow employees and

management were he to take the new position at the Bank. and be encouraged to drive business both himself and by those reporting to him. Assured that there was no need for concern, Plaintiff accepted the position and began in December of 2017.

12. However, once Plaintiff had accepted the job, during the first branch meeting in January, recently-employed District Manager Ms. Laura Biernacki placed a new stress on sales and hitting numerical goals. Plaintiff recognized the same fraudulent tactics that he had seen at Wells Fargo when it came to foisting upon bank clients new accounts and products that they did not need or request. This included Plaintiff's being encouraged to have his father apply for a home equity line and insisting that his father had to open a checking and savings account in order to get the lowest rate.

13. Plaintiff's mother fell ill and was hospitalized on or about January 10, 2018 in Pottstown, Pennsylvania and it fell upon Plaintiff to care for her. This was something of which Bank management was very well aware. Plaintiff had to attend to her every evening. Plaintiff asked for fewer hours, even if they were unpaid, which was all denied. His mother went into hospital-based hospice before the end of January, and was sent home a week later to finish her hospice at home, due to limited family means and the expectation that she would die any day then. She finally died on March 5, 2018. During this time, Plaintiff himself developed walking pneumonia in January and a bleeding ulcer in February due to stress. Notwithstanding, on February 14, Plaintiff received a final written warning for time worked, when no one had ever made this an issue given his personal situation. At this time, despite the fact that he was actively coughing up blood, again all as well known to Bank management, he was working. In addition to the write up, before Plaintiff's mother actually died, Bank management went so callously far as to suggest to Plaintiff that the funeral be held on a weekend for the Bank's convenience.

14. Plaintiff reached out to HR about the "final warning" asking Ms. Fryer what it would mean as far as his career was concerned following the passing of his mother. She refused to answer his repeated requests to meet saying that it was not HR's concern. It was suggested that he reach out to HR manager Ms. Nancy Pinkowitz who said that she would investigate his status as it related to the write up from February. After two weeks, Plaintiff called to inquire. There was no report and he was told to "grin and bear it," as a result thinking that the matter had been dropped. He also wrote to his superiors about the write up and was told not to worry about it. Moreover, he was told that, despite the language of the write up, he would still be able to be paid sales incentives, despite the actual language in the write up suggesting that Plaintiff was ineligible to such performance bonuses due to the write up.

15. Sometime in June, 2018, Plaintiff met with Ms. Danielle Perez with respect to the tension between fellow employees Alicia McDaniel and banker Magdaline Intzes. Plaintiff observed that from what he saw from his desk that the Bank was steering low income and African-American clients to Ms. McDaniel with high income clients going to Ms. Intzes. Moreover, Plaintiff knew full well that credit for sales origination had been stolen from Ms. McDaniel.

16. In the meantime, others, including African Americans Wandrea Russo and Alicia McDaniel had complained to HR about racial harassment and being shorted in terms of their pay. After her complaint to HR, Ms. McDaniel was retaliated against and abruptly transferred out of the Ardmore Office. Given its suddenness, Plaintiff was afraid that something was terribly wrong. When he inquired, he was told that it was none of his business. Because Plaintiff had worked in so many retail banking environments for many years and had never encountered such bizarre behavior by management regarding employees in any company, Plaintiff grew

increasingly fearful for his own employment prospects. Customers would ask Plaintiff about Ms. McDaniel and he did not have an answer for them. Further he was told that he would be actively punished for appearing to engage in conversations with a customer who pressed him for more details about the absent Ms. McDaniel. He was told to not to respond further than to use the phrase "I do not have an answer for you".

17. Clearly as a result of the above-referenced complaints, late on July 13, 2018 Plaintiff was told to contact Ms. Nicola Fryer in HR. Given Ms. Fryer's reluctance to respond to Plaintiff's prior questions about the bank's issues with his mother's passing and his need for sick days during her home hospice, the Plaintiff felt immediately like no matter what happened, this contact would be unpleasant based on his prior interactions with Ms. Fryer. When they spoke, he repeatedly was asked if there were ever instances when he was required to work off the clock, allegations reported by Ms. McDaniel to HR. Plaintiff's response was "I don't want to cause any issues". When forced to answer he admitted that there were instances of this occurring. He was also asked about racial discrimination which Ms. McDaniel experienced. Plaintiff begged not to be brought into this situation. Notwithstanding, he knew about the racial insults directed at Ms. McDaniel and he had heard of the retaliatory "security investigation" lodged against Ms. Russo, as he had been called to fill in for her in Bryn Mawr during HR's "investigation" of Ms. Russo. Asked to describe the racial environment, Plaintiff characterized it as being "toxic" and that "everyone was aware of it to some extent" and "in all his years of retail banking, he had never experienced work or office dynamics this dysfunctional".

18. Less than two weeks later, Plaintiff was fired on July 24, 2018.

19. Plaintiff believes that his firing was retaliatory and came about as a result of his protected activity

## COUNT I
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

20. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

21. Defendant has retaliated against Plaintiff for speaking truth about discrimination at the Bank, violating Plaintiff's rights in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 as recognized by the U.S. Supreme Court in *CBOCS West Inc. v. Humphries* (No. 06-1431) (May 27, 2008)

22. Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.

23. By reason of the continuous nature of Defendant's discriminatory conduct, persistent throughout Plaintiff's employment with Defendant, he is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

24. By reason of Defendant's retaliation and its firing of Plaintiff, Plaintiff is entitled to all legal and equitable remedies available under § 1981, including but not limited to damages for mental anguish and emotional distress, reasonable attorney fees and costs, as well as punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT II

## RACIAL DISCRIMINATION, RETALIATION AND MAINTENANCE OF A HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq*

25. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

26. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* as amended by the Civil Rights Act of 1991 ("Title VII), makes it unlawful for employers to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race.

27. Discrimination on the basis of race that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under Title VII as racial discrimination. In order to establish a hostile work environment, five factual elements must be established: (1) that the employee suffered intentional discrimination because of his or her race; (2) that the discrimination detrimentally affected him or her; (3) that the discrimination was pervasive and regular; (4) that the discrimination would detrimentally affect a reasonable person in the same position as the employee; and (5) that respondeat superior liability exists. In the totality of circumstances, the foregoing five elements are established.

28. Defendant retaliated against Plaintiff as a result of his complaints of discriminatory treatment of others and a hostile work environment.

29. Defendant is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the actions and statements of its managers and employees.

30. Defendant is liable for the acts of management and Plaintiff's co-workers, because it knew of the existence of a discriminatory and a hostile work environment, but allowed the illegal acts and practices to continue.

31. Defendant is liable for the acts alleged herein because of its culture of encouraging racial discrimination, harassment and retaliation.

32. Based upon the foregoing facts, Defendant has discriminated against Plaintiff as he was retaliated against for decrying Defendant's "toxic environment" which stood in opposition to rights guaranteed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq. as amended.*

33. The described unlawful employment practices by Defendant were intentional, deliberate, willful and were with malice or reckless indifference to Plaintiff's rights protected by the laws of the United States, as well as the laws of the Commonwealth of Pennsylvania.

34. By reason of Defendant's discrimination, retaliation and maintenance of a hostile work environment, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

### COUNT III

### RACIAL DISCRIMINATION, RETALIATION AND MAINTENANCE OF A HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

35. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

36. This claim arises under the Pennsylvania Human Relations Act ("PHRA"). The Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.*, makes it unlawful to discriminate

against any individual in the terms, conditions, or privileges of employment on the basis of race or to retaliate against those who complain of those conditions.

37. Plaintiff, is protected under the Pennsylvania Human Relations Act.

38. Based upon the foregoing facts, Defendant has discriminated against Plaintiff in violation of the Pennsylvania Human Relations Act, 43 P.S. § 955 *et. seq.*

39. The effect of the aforementioned practices has been to deprive Plaintiff of equal employment opportunities and adversely affect his status, given his unjust firing as a result of supporting others who claimed racial discrimination.

40. Racial discrimination that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under the Pennsylvania Human Relations Act as race discrimination.

41. With respect to allegations of discrimination and retaliation, Defendant is liable for the acts of its supervisory and management employees, because the harassers and those who effectuated the discrimination used their actual or apparent authority to further the unlawful conduct, and were otherwise aided in accomplishing the unlawful conduct by the existence of an agency relationship.

42. Defendant is liable for the acts alleged herein because its managers and supervisors established its corporate culture which encouraged racial discrimination as well as a hostile work environment.

43. The described unlawful employment practices and actions by Defendant were intentional and were done with malice or reckless indifference to Plaintiff's rights protected by the laws of the Commonwealth of Pennsylvania. These unlawful acts were committed because of racial discrimination and the fact that Plaintiff opposed such discrimination.

44. By reason of Defendant's discrimination, retaliation and maintenance of a hostile work environment, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury of eight on all issues triable by a jury.

## CERTIFICATION

I hereby certify that Plaintiff has not brought a similar or related lawsuit encompassing the claims brought in this matter.

Respectfully Submitted,

**MARK D. SCHWARTZ, ESQUIRE**

By: /s/Mark D. Schwartz
Mark D. Schwartz, Esquire (Pa ID #30527)
300 Sandcastle Drive
BRYN MAWR, PA 19010
Telephone & Fax 610 525-5534
Markschwartz6814@gmail.com

**THE PEARLMAN LAW FIRM, PLLC**

By:   /s/ Jason L. Pearlman
Jason L. Pearlman, Esquire (Pa ID #93879)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA 19004
610-660-7793
jpearlman@pearlmanlawfirm.com

DATED: June 5, 2019          *Attorneys for Plaintiff Michael McShane Sutton*

11

**VERIFICATION**

I, Michael McShane Sutton, do hereby certify that I am the Plaintiff in the within action, and that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I do further understand that these statements are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsifications to authorities.

Michael McShane Sutton

Dated: June 5, 2019